IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL ALABAMA COMPREHENSIVE HEALTH CARE, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 3:04cv673-MHT (WO) |
| AVENTIS PHARMACEUTICALS, INC., et al. | ) ) ) | |
| Defendants. | ) | |

ORDER

This case is again before the court as the defendants seek to avoid discovery in this case, this time via a motion to stay the proceedings. The plaintiffs, community-health providers, are suing various drug manufacturers, alleging that the plaintiffs over-reimbursed the defendants under the federal government's 340B drug discount plan. In their complaint, the plaintiffs cite a June 2004 report prepared by the Office of Inspector General (OIG) of the United States Department of Health and Human Services

that concluded that health plans had over-reimbursed drug companies due to a problem in "price ceiling" calculations required under the 340B plan.

The various defendants previously filed motions to dismiss, which this court denied.  One of the grounds advanced in those motions was the so-called "primary-jurisdiction doctrine."  The defendants noted that the OIG had issued a statement in October 2004 withdrawing the June 2004 report because the data upon which it had relied in preparing the June 2004 report had been called into question.  The court's order, dated September 30, 2005, noted that the issues presented in the motions were better addressed on summary-judgment motions.[1]  Four days after the court entered a scheduling order, the

---

1. The court now notes that the withdrawal of the report has no bearing on whether the plaintiffs can bring this claim, because the Federal Rules of Civil Procedure establish a notice-pleading system.  The plaintiffs' complaint alleges that the defendants were overpaid by the plaintiffs because the defendants miscalculated the price ceiling; that is sufficient to put the defendants on notice of the claims against them.

defendants filed the present motion to stay, which is based entirely on the primary-jurisdiction doctrine.

The only change in circumstances to which the defendants point to justify their attempt to reargue this issue at this stage of the proceedings is that the OIG released a new report, in October 2005, stating that there were systemic flaws in the data-gathering mechanisms that are used to estimate the price ceiling for the 340B drug plan.  The October 2005 report catalogued the data flaws in greater detail than the October 2004 statement; noted that the Health Resources and Services Administration could not adequately oversee the program due to the data-collection shortcomings; noted that, under the current statutory scheme, the Health Resources and Services Administration could not enforce or punish drug companies that overcharge under the 340B plan; and found that private health providers could not independently assess whether they were overpaying for drugs under the plan.  The defendants

assert that the OIG intends to issue another report in the spring of 2006 following up on this issue.

Before considering the merits of the defendants' argument, the court notes that the defendants are essentially attempting to circumvent the court's previous order denying their dismissal motions by seeking a different form of relief based on an argument rejected in those motions.  The court has ruled previously that it would consider these arguments only after discovery had been conducted; yet, the defendants have now attempted to stall discovery by seeking a stay based on one of those arguments.  The court would be justified in summarily denying this stay motion for this reason alone.

The court need not do so, however, because this case does not present grounds for the primary-jurisdiction doctrine's application.  The primary-jurisdiction doctrine applies: (1) where there is a strong possibility that the agency decision would end the dispute or (2) where a prior agency adjudication of the dispute will be

a "material aid" in ultimately deciding the issue. Sprint Corp. v. Evans, 846 F. Supp. 1497, 1505 (M.D. Ala. 1994) (Thompson, J.). As the defendants all but concede in their reply brief, the first requirement is not met because the OIG has authority only to investigate and report, 5 U.S.C. § 6, and not to adjudicate or enforce. Thus, no matter how many reports the OIG generates, it cannot resolve the matter currently before the court.[2]

Nor is the second requirement met. The OIG's forthcoming report may be completely irrelevant to this case. There is no guarantee that the OIG is investigating the actions of the parties to this suit or

---

2. Wheelabrator Corp. v. Chafee, 455 F.2d 1306 (D.C. Cir. 1973), cited by the defendants, is inapposite. That case held that a court should apply the primary-jurisdiction doctrine and defer to an agency action even if the agency acts only in an advisory capacity. Id. at 1313-14. However, the General Accounting Office, the agency in question there, was issuing an advisory opinion on the merits of the claim the federal court was considering. Id. Here, the OIG is studying the effectiveness or legitimacy of a federal program (and not the validity of the plaintiff's claims). Although Wheelabrator and the present case are similar in that the agency action in each is advisory, the nature of the agency action is completely different.

will publish any data relevant to these parties.  Even if the OIG does happen to investigate and publish data about the parties in this suit, it is all but certain that the report will not completely illuminate the factual questions in this case.  Although the OIG's study may duplicate some discovery that would occur in this case, the report alone will not give the court a complete enough picture to decide this case.  In short, because it is possible that the report will be of no benefit at all and, at most, will merely replicate some of the information that the parties will present to the court after discovery, the OIG report cannot be considered a material aid to the court.

Moreover, based on the results of its current study, the OIG may wish to conduct further investigations.  Were the court to stay the proceedings now and were the OIG to conduct future investigations, the proceedings in this case could be delayed interminably. Courts "applying the [primary-jurisdiction] doctrine must always balance the

benefits of seeking the agency's aid with the need to resolve disputes fairly yet as expeditiously as possible."  Sprint Corp., 846 F.Supp. at 1505 (internal quotations omitted).  The possibility of interminable delay combined with the speculative benefit of the forthcoming OIG report counsels against application of the primary-jurisdiction doctrine here.

Accordingly, it is ORDERED that the defendants' motion to stay (Doc. No. 179) is denied.

DONE, this the 10th day of April, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE